Rita Colleen WILLIS, Personal Repre-
sentative of the Estate of Arthur R.
Tosh, Deceased, Plaintiff—Appellant,

v.

INTERNAL REVENUE SERVICE,
Defendant,

and

United States of America,
Defendant—Appellee.

No. 03–35113.

D.C. No. CV–02–01784–TSZ.

United States Court of Appeals,
Ninth Circuit.

Nov. 10, 2003.*

Nov. 14, 2003.

Vincent H.D. Abbey, Law Office of Vin-
cent H.D. Abbey, Seattle, WA, Wayne R.
Parker, Kent, WA, for Plaintiff–Appellant.

Karen G. Gregory, DOJ–U.S. Depart-
ment of Justice, Washington, DC, for De-
fendant/Defendant–Appellee.

Diane E. Tebelius, USSE–Office of the
U.S. Attorney, Seattle, WA, Jonathan S.
Cohen, Robert W. Metzler, Esq., for De-
fendant–Appellee.

---

* The panel unanimously finds this case suitable
for decision without oral argument. See Fed.
R.App. P. 34(a)(2).

* This panel unanimously finds this case suit-
able for decision without oral argument. See
Fed. R.App. P. 34(a)(2).

Before KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

### MEMORANDUM**

Rita Colleen Willis, personal representative of the Estate of Arthur R. Tosh, deceased, appeals the district court's judgment dismissing her complaint which sought a refund of estate tax. The district court dismissed the complaint for lack of jurisdiction, finding that the estate did not file a claim for a refund of estate tax within the limitations period prescribed by Internal Revenue Code § 6511(a). We affirm for the reasons stated by the district court in its order granting defendant's motion to dismiss, filed on January 15, 2003.

We decline to consider issues, raised for the first time on appeal, regarding whether the IRS was equitably estopped by its own alleged misconduct from raising the statute of limitations. *See Barcamerica Int'l. USA Trust v. Tyfield Imps., Inc.*, 289 F.3d 589, 595, n. 6 (9th Cir.2002). Moreover, as the district court correctly stated in its order, section 6511 is not subject to equitable tolling. *See Brockamp*, 519 U.S. at 354.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

